d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT DOOLITTLE, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00390 |
| VERSUS | JUDGE DRELL |
| PHILLIP DEES, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 15) filed by Defendant Progressive Security Insurance Company ("Progressive"). Progressive argues that complete diversity of citizenship does not exist. Defendants Phillip Dees ("Dees"), Saber Power Services, LLC ("Saber Power"), and Everest National Insurance Company ("Everest National") (collectively, "Removing Defendants") do not oppose remand.

It is undisputed that there is not complete diversity of citizenship between Plaintiff Robert Doolittle ("Doolittle") and all Defendants. Therefore, the Motion to Remand (ECF No. 15) should be GRANTED, and this case should be REMANDED to the Ninth Judicial District Court in Rapides Parish, Louisiana, for further proceedings.

I. **Background**

Dolittle claims he was struck and injured by Dees, an employee of Saber Power, while Dees was operating a company vehicle. *Id.* at 3. On March 2, 2020, this action

was transferred to the Ninth Judicial District Court. At that point, Doolittle claimed (ECF No. 11-1 at 38) that the amount in controversy exceeded the jurisdictional limits of Alexandria City Court. ECF No. 11-1 at 39. On March 26, 2020, Removing Defendants filed a Notice of Removal (ECF No. 1), asserting "diversity jurisdiction on the grounds that every defendant is diverse from Plaintiff and the amount in controversy exceeds $75,000." ECF No. 1 at 2.

Progressive now seeks remand for lack of complete diversity of citizenship among the parties. ECF No. 15. Removing Defendants filed a Memorandum in Support. ECF No. 18.

II. **Law and Analysis**

    A. **Citizenship controls the issue of remand in this case.**

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The party seeking to invoke the court's jurisdiction has the burden of proving that jurisdiction exists. *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Remand is required "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Federal courts have subject matter jurisdiction only where a question of federal law is involved, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d

415 (2005). Where jurisdiction depends on citizenship, the parties' citizenship must be "distinctly and affirmatively alleged." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Harrison v. Prather*, 404 f.2d 267, 272 (5th Cir. 1968)). A corporation is considered a citizen of every State where it is incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

    B.    <u>Remand is warranted.</u>

Progressive asserts this Court lacks diversity jurisdiction. ECF No. 15-1 at 4. Progressive is a Louisiana corporation with its principal place of business located in Louisiana. ECF No. 14. Progressive is a citizen of Louisiana. ECF Nos. 15-1 at 4, 18 at 1. Removing Defendants agree Doolittle is domiciled in Louisiana as a person of the full age of majority and as a resident of Alexandria Parish. ECF No. 1 at 2. Doolittle is a citizen of Louisiana. *Id.*

Because Doolittle and Progressive are both citizens of the State of Louisiana, Removing Defendants fail to establish complete diversity exists between the parties. Therefore, the Court lacks diversity jurisdiction..

**III.**    <u>Conclusion</u>

Because Removing Defendants agree there is not complete diversity of citizenship between Doolittle and Defendants;

IT IS RECOMMENDED that Progressive's Motion to Remand (ECF No. 15) be GRANTED, and that this lawsuit be REMANDED to the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, October 8, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE